UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELLY RAINEY,

                Plaintiff,

v.                                                         Case No. 18-cv-196-pp

DAVID BETH and
UNKNOWN, *sued as Unknown County Sheriff Deputy*,

                Defendants.

**DECISION AND ORDER GRANTING PLAINTIFF'S MOTION
FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE
FILING FEE (DKT. NO. 2) AND SCREENING HIS COMPLAINT**

This case is assigned to U.S. Magistrate Judge William Duffin. Although the plaintiff consented to Judge Duffin hearing and deciding the case, the defendants have not yet had the opportunity to decide whether to consent because, until now, the court has not screened the complaint and decided whether it should be served on the defendants. Because *both* parties have not consented to the magistrate judge hearing the case, the clerk's office has referred the case to this district court to screen the complaint and decide whether it should be served on any of the defendants. The court will explain what claims the plaintiff has stated against which defendants, and then it will return the case to Judge Duffin for further proceedings.

## I. Motion for Leave to Proceed without Prepayment of the Filing Fee (Dkt. No. 2)

The Prison Litigation Reform Act applies to this case because the plaintiff was in custody when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his lawsuit without prepaying the civil case filing fee, if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On March 13, 2018, Judge Duffin ordered the plaintiff to pay an initial partial filing fee of $60.08. Dkt. No. 10. The court received that fee on March 30, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. Screening the Plaintiff's Complaint

### A. Federal Screening Standard

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which the court can grant relief, or that seek monetary relief from a defendant who is immune from that relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim under 42 U.S.C. §1983, a plaintiff must allege that 1) someone deprived him of a right secured by the Constitution or laws of the United States; and 2) that person was acting under color of state law. Buchanan-Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Vill. of N. Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court gives a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

B.  The Plaintiff's Allegations

The plaintiff alleges that on December 20, 2017, an unknown Kenosha County Sheriff's Deputy fondled the plaintiff's chest and pinched his nipple in an inappropriate fashion while the plaintiff was in the van to be transported to his revocation hearing. Dkt. No. 1 at 2. The plaintiff asserts that the deputy's co-worker said to the deputy, "[T]here will not be any chest or any rude touching, today." Id. at 3. According to the plaintiff, the deputy "did the inappropriate sexual touching for his sexual pleasure." Id. at 3.

3

C.  The Court's Analysis

The plaintiff sued two defendants—Kenosha County Sheriff David Beth, and the unknown sheriff's deputy. Dkt. No. 1 at 1.

The court will not allow the plaintiff to proceed on a claim against Kenosha County Sheriff David Beth. Although the plaintiff names Beth in the caption of his complaint, he does not explain what Beth did to violate his rights. "Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." Vance v. Peters, 97 F.3d 987, 991 (7th Cir. 1996) (quoting Sheik-Abdi v. McClellan, 37 F.3d 1240, 1248 (7th Cir. 1994)). Under §1983, a plaintiff cannot sue someone under the theory of vicarious liability (meaning a person will not be liable for another person's misconduct) or under the theory of supervisory liability (meaning a supervisor will not be liable for the misconduct of his or her employees or subordinates). Because the plaintiff does not allege that Beth was personally involved in the alleged wrongdoing, the court will not allow the plaintiff to proceed against Beth.

The court will allow the plaintiff to proceed on a claim against the unknown deputy. "Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment." Wood v. Beauclair, 692 F.3d 1041, 1046 (7th Cir. 2012). To prove an Eighth Amendment sexual harassment/abuse claim, a plaintiff must show that the defendant "'act[ed] with a sufficiently culpable state of mind'" and that "the alleged wrongdoing

4

was objectively 'harmful enough' to establish a constitutional violation." Id. (quoting Hudson v. McMillian, 503 U.S. 1, 8 (1992)). The plaintiff has alleged sufficient facts to make this preliminary showing against the unknown deputy.

Because the plaintiff does not know the name of the deputy, the court will not dismiss Sheriff Beth as a defendant until he assists the plaintiff in identifying the deputy's real name. See Donald v. Cook Cty. Sheriff's Dep't, 95 F.3d 548, 556 (7th Cir. 1996). The court will order the Marshals to serve Sheriff Beth with the plaintiff's complaint and a copy of this order. Sheriff Beth does not have to respond to the plaintiff's complaint. After Sheriff Beth's attorney files an appearance in this case, the plaintiff may serve discovery upon Sheriff Beth (by mailing it to his attorney at the address in the notice of appearance) to get information that will help him identify the real name of the deputy.

For example, the plaintiff may send Sheriff Beth's attorney interrogatories (written questions) under Federal Rule of Civil Procedure 33, or document requests under Rule 34. Because the plaintiff has not stated a claim against Sheriff Beth, the plaintiff must limit his discovery requests to information or documents that will help him learn the real name of the deputy. The plaintiff many not ask Sheriff Beth about any other topic, and Sheriff Beth is not obligated to respond to requests about any other topic.

After the plaintiff identifies the real name of the deputy, he must file a motion to substitute his real name for the "unknown Kenosha Count sheriff's deputy" in the caption. The court will dismiss Sheriff Beth as a defendant once the plaintiff identifies the real name of the deputy. Once the deputy has had an

opportunity to respond to the plaintiff's complaint, the court will set a deadline for discovery. At that point, the plaintiff may use discovery to get information he believes he needs to prove his claims.

The plaintiff must identify the real name of the deputy by **September 28, 2018**, or file a letter explaining why he is unable to identify him. If the plaintiff does not do either of these things by that deadline, the court may dismiss his case based on his failure to diligently pursue it. Civil L.R. 41(c).

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **ORDERS** the United States Marshal to serve a copy of the complaint and this order on defendant David Beth under Federal Rule of Civil Procedure 4. Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for either the court or the U.S. Marshals Service to waive these fees. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

The court **ORDERS** that David Beth does not have to respond to the plaintiff's complaint; however, he must respond to the plaintiff's discovery requests as described in this order.

The court **ORDERS** the plaintiff to identify the real name of the deputy or file a letter explaining why he is unable to do so in time for the court to receive it by the end of the day on **September 28, 2018**.

The court **ORDERS** that the agency having custody of the plaintiff shall collect from his institution trust account the $289.92 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the officer in charge of the Racine County Jail.

The court **ORDERS** that the plaintiff must send all correspondence and other documents to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that, if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to prosecute. The parties must notify the clerk of court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

The court **RETURNS** this case to U.S. Magistrate Judge William Duffin for further proceedings.

Dated in Milwaukee, Wisconsin, this 31st day of July, 2018.

**BY THE COURT:**

_____

**HON. PAMELA PEPPER**
**United States District Judge**